JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-01410-KK-SHKx** | Date: | September 6, 2024 |
|---|---|---|---|
| Title: | *Charles Dugan v. Home Depot U.S.A., Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion for Leave to Amend and Request to Remand [Dkt. 11]

## I.
## INTRODUCTION

On June 5, 2024, plaintiff Charles Dugan ("Plaintiff") filed the operative Complaint asserting a negligence claim against defendant Home Depot ("Defendant") and Does 1-10, in Superior Court of California, County of San Bernardino. ECF Docket No. ("Dkt.") 1-1, Ex. A ("Compl."). On July 8, 2024, Defendant removed the matter to this Court asserting diversity jurisdiction. Dkt. 1.

On August 2, 2024, Plaintiff filed a Motion for Leave to Amend Complaint and Request to Remand to state court ("Motion"). Dkt. 11. The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## II.
## BACKGROUND

**A.    RELEVANT FACTS**

On April 28, 2024, Plaintiff was a customer inside the Home Depot located at 1401 E. 19th Street, Upland, California. Compl. at 1-2. While not entirely clear from the Complaint, it appears Plaintiff was injured by a cart while shopping inside the Home Depot. Id. Plaintiff alleges "as a direct and proximate result of negligence of the Defendants (including but not limited to improper

and inadequate assistance rendered to customers, and the improper operation of carts and/or pallets) injury and damage was caused to Plaintiff."  Compl. ¶ 8.

**B.     PROCEDURAL HISTORY**

On June 5, 2024, Plaintiff filed the Complaint in San Bernardino Superior Court alleging one negligence claim.  Compl. at 3-4.

On June 6, 2024, Plaintiff served Defendant with the Complaint.  Dkt. 1-1, Declaration of Delmar S. Thomas ("Thomas Decl."), ¶ 3.

On July 8, 2024, Defendant filed a Notice of Removal asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Dkt. 1.  On July 18, 2024, Defendant filed an Answer.  Dkt. 9.

On August 2, 2024, Plaintiff filed the instant Motion seeking leave to amend to add Armondo Doe ("Armondo"), the Home Depot employee who allegedly struck Plaintiff in the back of the leg with a cart, dkt. 11 at 1, as a defendant and requesting remand to state court given Armondo's alleged California citizenship.  Dkt. 11 at 1-2.  Plaintiff attaches photographs of Armondo in the Home Depot uniform to the Proposed First Amended Complaint ("Proposed FAC").  Dkt. 11, Ex. 1.

On August 13, 2024, Defendant filed an Opposition to the Motion.  Dkt. 12.  In support of its Opposition, Defendant filed a declaration from Delmar S. Thomas, counsel for Defendant.  Dkt. 12-1, Thomas Decl. ¶¶ 1-2.

On August 19, 2024, Plaintiff filed a Reply in support of the Motion.  Dkt. 13.

Thus, the matter stands submitted.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") governs amendments to pleadings before trial.  However, when a plaintiff seeks leave to amend "to add a diversity-destroying party following removal, 'the amendment cannot be presumed appropriate and the logic and policy of Rule 15(a) do not apply.'"  Khachunts v. Gen. Insurance Co. of Am., No. 2-22-CV-09325-SPG-KSx, 2023 WL 4554103, at *2 (C.D. Cal. July 14, 2023) (quoting Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)) (internal quotation marks omitted).

Where a plaintiff seeks to join a nondiverse defendant under Rule 15(a) after removal and then seeks remand, courts have construed the request to amend as a request to join a non-diverse defendant under 28 U.S.C. § 1447(e) ("§ 1447(e)").  See Marroquin v. Target Corp., No. LACV-19-00341-JAK-SSx, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (finding "it is the majority view among district courts within the Ninth Circuit" that "the standards of 28 U.S.C. § 1447(e) apply" to requests to amend to add a non-diverse defendant).  Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Additionally, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court[.]"  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

## IV.
## DISCUSSION

Here, Plaintiff is seeking leave to amend the Complaint after removal to add non-diverse defendant, Armondo.  Dkt. 11.  Thus, Plaintiff's Motion will be construed as a request to join a diversity-destroying defendant under § 1447(e).

### A. JOINDER OF ARMONDO IS PROPER UNDER 28 U.S.C. § 1447(e)

#### 1. Applicable Law

Joinder of a party that will destroy diversity jurisdiction under § 1447(e) is committed to the district court's sound discretion.  See Newcombe, 157 F.3d at 691.  In exercising this discretion, courts typically consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." Walker v. Glob. Mail, Inc., No. CV-21-6546-DMG-SHKx, 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021); Clinco, 41 F. Supp. 2d at 1082 (internal brackets omitted).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW-Ex, 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021).

#### 2. Analysis

Plaintiff seeks leave to join Armondo, an alleged California citizen, as a defendant, destroying diversity jurisdiction. Dkt. 11.  As discussed below, the § 1447(e) factors weigh in favor of joinder of Armondo.

///

///

#### a. Necessary Party Under Rule 19(a)

The first factor – whether Armondo is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a) ("Rule 19(a)") – weighs in favor of joinder. Rule 19(a) requires joinder of a party if: (1) in the party's absence, the court cannot accord complete relief among existing parties; (2) the party has an interest in the action and disposing of the action in their absence may impair or impede their ability to protect such interest, or (3) the party has an interest in the action and resolving the action in their absence may leave an existing party subject to inconsistent obligations because of such interest. Fed. R. Civ. P. 19(a)(1). "Although courts consider whether a party would meet [Rule 19(a)'s] standard for a necessary party" in determining whether amendment under § 1447(e) is appropriate, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19(a)]." IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). "Courts disallow joinder of non-diverse defendants [under § 1447(e)] where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Here, Plaintiff alleges Armondo was working at Home Depot on the day of the alleged incident, where Armondo "was pushing a cart filled with boxes inside the store when he struck plaintiff in the back of the leg with the cart, causing [Plaintiff] to fall and sustain serious and permanent injuries." Mot. at 11, Ex. 1. Based on these allegations, the Court finds Armondo is needed for "just adjudication" and is more than "tangentially related" to Plaintiff's cause of action. See IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1012; see also White v. Lowe's Home Centers, LLC, No. 221-CV06829-MCS-RAOx, 2021 WL 8445827, at *2 (C.D. Cal. Dec. 28, 2021) (finding an employee who struck Plaintiff with a shopping cart was "necessary for just adjudication" because "as the person who controlled the shopping cart that hit Plaintiff[,] [the store employee] has a 'high degree of involvement' in the incident giving rise to Plaintiff's claims") (quoting Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002)); Mercado v. Home Depot U.S.A., Inc., No. CV-1810522-SJO-FFMx, 2019 WL 13240645, at *2 (C.D. Cal. June 7, 2019) (finding joinder of a store employee was appropriate because the employee "was a direct participant in the events and transactions giving rise to the case"). Hence, this factor weighs in favor of joinder.

### b. Statute of Limitations

The second factor – whether the statute of limitations would preclude an original action against Armondo in state court – weighs against joinder. "[A] finding that the statute of limitations would preclude the filing of a new, separate action against [the non-diverse defendant] may warrant remand." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015). By contrast, "if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." Yang v. Swissport USA, Inc., No. C 09-3823-SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010).

Here, Plaintiff has two years from the date of the "injury . . . caused by the . . . neglect of another" to file a complaint. Cal. Civ. Proc. Code § 335.1. The alleged incident occurred on April 28, 2024, Mot. at 14, Ex. 1, thus, the statute of limitations does not bar any claim until April 28, 2026. Hence, this factor weighs against joinder.

### c. Timeliness in Seeking Joinder

The third factor – whether there has been an unexplained delay in requesting joinder of Armondo – weighs in favor of joinder. "When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. "While there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has [e]lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." Khachunts, 2023 WL 4554103, at *3.

Here, the Court finds no unexplained delay in discovering Armondo's identity. Plaintiff filed the Complaint in San Bernardino Superior Court on June 5, 2024, stating the Complaint would be amended once Plaintiff discovered the identity of the employee who allegedly struck Plaintiff. Compl. ¶ 3. On July 8, 2024, Defendant removed the case to this Court. Dkt. 1. That same day, Plaintiff's counsel wrote Defendant's counsel asking to reconsider removal because the individual employee would be named. Dkt. 12-1, Ex. A. Less than one month later, on August 2, 2024, Plaintiff filed the instant Motion, identifying Armondo as the employee who allegedly struck Plaintiff. Dkt. 11. The Court finds this brief eight-week and two-day delay between commencing an action and seeking to join an additional defendant reasonable. See, e.g., Sagrero v. Bergen Shippers Corp., No. CV 22-4535-SPG-RAOx, 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022) (concluding two-month delay between commencing an action and seeking leave to amend to join non-diverse defendant was not unreasonable); Krantz v. Bloomberg L.P., Case No. CV 21-6275-ABR-AOx, 2022 WL 2101913, at *5 (C.D. Cal. Feb. 3, 2022) (finding a four-month delay between commencing action and seeking leave to amend to join non-diverse defendant was not unreasonable). Hence, this factor weighs in favor of joinder.

        d.     **Plaintiff's Intent to Seek Joinder**

The fourth factor – whether joinder of Armondo is intended solely to defeat federal jurisdiction – weighs in favor of joinder. Under this factor, courts examine "the motive of a plaintiff in seeking the joinder of an additional defendant[.]" Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). Moreover, in the context of a request for joinder pursuant to §1447(e), "suspicion of amendment for the purpose of destroying diversity is not an important factor . . . as [§]1447(e) gives courts flexibility in determining how to handle [the] addition of diversity-destroying defendants." Malijen v. Ford Motor Co., No. EDCV-20-1217-JGB-KKx, 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020) (citing IBC Aviation Servs., 125 F. 2d at 1012).

Here, Plaintiff's intent to seek joinder weighs in favor of joinder. While Plaintiff was aware of removal when seeking leave to amend the Complaint, see Mot. at 2, Plaintiff has always intended to bring this claim against the employee, as identified in the Complaint, see Compl. ¶ 3, and communicated this intent to defense counsel immediately following removal, see dkt. 12-1, Ex. A. Furthermore, Plaintiff sought leave to amend promptly upon learning the identity of Doe Defendant. Dkt. 11. There is no basis for the Court to conclude amendment is being sought for an improper motive. In light of these facts, the Court finds this factor weighs in favor of joinder. See Sagrero, 2022 WL 4397527, at *5 (finding "motive for joinder" factor weighed in favor of joinder where plaintiff promptly attempted to join non-diverse defendants upon discovering their identities).

        e.     **Validity of Claims Against Armondo**

The fifth factor – whether the claims against Armondo appear valid – weighs in favor of joinder. "The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under [§] 1447(e)." Khachunts, 2023 WL 4554103, at *4. A claim is facially valid if it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022).

Here, Plaintiff's claim of negligence against Armondo is facially valid. Under California law, the elements for Plaintiff's negligence claim are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Kesner v. Superior Court, 1 Cal. 5th 1132, 1158 (2016). Plaintiff alleges both Defendant and Armondo breached the duty to operate carts and pallets with reasonable care, thereby causing Plaintiff's injury. Mot. at 2-3. Thus, Plaintiff's claim is facially valid. See White v. Lowe's Home Centers, LLC, No. 2:21-CV-06829-MCS-RAOx, 2021 WL 8445827, at *2 (C.D. Cal. Dec. 28, 2021) (finding plaintiff's negligence claims against defendant Lowe's Home Centers and its employee are valid under California law); Gallegos v. Costco Wholesale Corp., No. CV-20-3250-DMG-GJSx, 2020 WL 2945514, at *3 (C.D. Cal. June 2, 2020) (finding plaintiff's negligence and premises liability claims against defendant Costco and its store manager valid under California law). Hence, this factor weighs in favor of joinder.

### f. Prejudice to Plaintiff

The sixth factor – whether denial of joinder will prejudice Plaintiff – weighs in favor of joinder. "In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel [proceedings] in state and federal court [] or would lead the plaintiff to forgo claims against the non-diverse defendants." Murphy, 74 F. Supp. 3d at 1286.

Here, denying leave to amend Complaint to join Armondo as a defendant would prejudice Plaintiff. If joinder is denied, Plaintiff intends to file suit against Armondo in state court, thus burdening Plaintiff to pursue similar claims in two forums. Dkt. 13 at 11. See Sagrero, 2022 WL 4397527, at *5 (finding the prejudice to plaintiff factor weighed in favor of joinder where denying leave to amend would require plaintiff to pursue parallel state and federal court proceedings, because "forc[ing] the plaintiff to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice" (cleaned up)). Additionally, Defendant fails to identify any reason it would be prejudiced by remanding the action to state court. See dkt. 12. Hence, this factor weighs in favor of joinder.

* * *

Considering the six factors outlined above, the Court finds joinder is warranted. Accordingly, Plaintiff's Motion to add Armondo as a defendant is **GRANTED**.

///

///

**B.  JOINDER OF ARMONDO DESTROYS COMPLETE DIVERSITY, NECESSITATING REMAND**

### 1.     Applicable Law

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e)." Edmond v. Kindred Healthcare Operating Inc., No. CV-16-6734-PSG-AFMx, 2016 WL 7176566, at *3 (C.D. Cal. Dec. 8, 2016).

### 2.     Analysis

Here, neither party disputes Plaintiff and Armondo are both citizens of California. See dkts. 11-13. Hence, joinder of Armondo destroys complete diversity. Because no other basis is asserted for this Court's jurisdiction, remand is mandatory, and Plaintiff's Request to Remand is **GRANTED**.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **GRANTED**. Plaintiff's Proposed FAC, dkt. 11, Ex. 1, is deemed filed as of the date of this Order, and this matter shall be remanded to state court. (JS-6)

**IT IS SO ORDERED.**